IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

CYNTHIA DENISE JONES,

    Plaintiff,

v.                                    CASE NO. 4:16-cv-35-WS-GRJ

FLORIDA STATE HOSPITAL, et al.,

    Defendant.

_____/

## ORDER AND
## REPORT AND RECOMMENDATION

Plaintiff initiated this case by filing a complaint pursuant to 42 U.S.C § 1983, and seeks leave to proceed as a pauper. ECF Nos. 1 and 2. The Court finds that leave to proceed as a pauper should be granted for the limited purpose of dismissing this case pursuant to 28 U.S.C. § 1915(b)(2)(B)(ii) for failure to state a claim upon which relief may be granted.[1]

The Court takes judicial notice of two habeas corpus cases filed by Plaintiff, *Jones v. Morgan*, Case No. 1:15-cv-33-WS-EMT, and *Jones v.*

---

[1] Plaintiff is not a "prisoner" as defined by 28 U.S.C. § 1915(h) because it appears Plaintiff was found not guilty by reason of insanity during her criminal proceedings, and is involuntarily committed to Florida State Hospital. Because she is not a "prisoner," she is not subject to the installment-fee provisions of the PLRA.

*Morgan*, Case No. 1:15-cv-281-MMP-EMT.  The history of Plaintiff's present commitment is summarized in those cases.  Briefly, in May 2007 Plaintiff was charged with several offenses in Alachua County Circuit Court in Case No. 2007-cv-1780.  In October 2009, Plaintiff was adjudicated not guilty by reason of insanity and was committed to the custody of the Florida Department of Children and Families ("DCF").  Plaintiff's involuntary commitment was continued by court order until June 9, 2014, when she was placed on conditional release.  Plaintiff was charged with violating the terms of her conditional release, and in January 2015 Plaintiff was again adjudicated incompetent to proceed and recommitted to the custody of DCF.  Plaintiff's involuntary commitment was continued in July 2015, and an additional psychological evaluation was filed in December 2015.  *See Jones,* Case No. 1:15-cv-33 ECF No. 5 (Report and Recommendation); *Jones*, Case No. 1:15-cv-281 ECF No. 4 (Report and Recommendation).

Plaintiff sought federal habeas corpus relief in the two cases cited above.  Plaintiff's first habeas case was dismissed pursuant to the *Younger* abstention doctrine.  *See* Case No. 1:15-cv-33, ECF Nos. 5 and 6 (4/6/15) (dismissing petition).  A Report and Recommendation was recently entered in Plaintiff's second habeas corpus case also recommending dismissal

pursuant to *Younger*. See Case No. 1:15-cv-281 ECF No. 4 (1/5/16).[2]

In the instant Complaint, Plaintiff does not allege claims stemming from her conditions of confinement. Rather, Plaintiff alleges that she seeks discharge so that she can return to her family in New York. Plaintiff states that she is sorry and seeks forgiveness, and wishes to leave Florida and never return. ECF No. 1. Because the relief sought in this case is release from confinement, Plaintiff's sole remedy is a writ of habeas corpus and not a civil rights complaint. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

For the reasons stated in Plaintiff's two previous habeas corpus cases, this Court should abstain from assuming jurisdiction over her claims. Federal courts will not interfere with pending state criminal proceedings absent very narrow circumstances, pursuant to the *Younger v. Harris* abstention doctrine. 401 U.S. 37 (1971). "Under *Younger v. Harris* and its progeny, federal district courts must refrain from enjoining pending state court proceedings except under special circumstances." *Old Republic Union Ins. Co. v. Tillis Trucking Co., Inc.*, 124 F.3d 1258, 1261 (11th Cir. 1997). "The policy of equitable restraint expressed in [*Younger*] .

---

[2] Plaintiff also filed a previous civil rights case challenging her conditions of confinement. That case was dismissed for failure to state a claim. *Jones v. Florida State Hospital*, Case No. 4:15-cv-346-WS-CAS ECF Nox. 14, 18 (11/4/15).

. . is founded on the premise that ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights." *Hughes v. Att'y Gen. of Florida*, 377 F.3d 1258, 1264 n. 7 (11th Cir. 2004). The exceptions to *Younger* are very narrow and apply only if: there is evidence of state proceedings motivated by bad faith, irreparable injury would occur, or there is no adequate alternative state forum where the petitioner's constitutional issues can be raised. *Id.* at 1263 n.6.

The allegations of the Complaint do not suggest that this case would fall within any exception to *Younger*. Because Plaintiff's criminal case is ongoing, this Court should abstain from considering claims that should be resolved in the first instance by the state courts. Plaintiff can avail herself of the remedies available in state court to assert her claims by way of an appeal of the order recommitting her to the custody of DCF. *See Furqan v. State*, 91 so. 3rd 913, 915 & n.1 (Fla. 2d DCA 2012).

For the foregoing reasons, it is **ORDERED** that Plaintiff's motion for leave to proceed as a pauper, ECF No. 2, is **GRANTED**. It is respectfully **RECOMMENDED** that this case be **DISMISSED** pursuant to the *Younger* abstention doctrine and pursuant to 28 U.S.C § 1915(e)(2)(B)(ii) for failure

to state a claim upon which relief may be granted.

**IN CHAMBERS** this 25th day of January 2016.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**